Coos,
No. 5925.

ORPHISE BELISLE *& a.*

*v.*

COLEBROOK WATER COMPANY.

November 28, 1969.

*Upton, Sanders & Upton* and *Thomas M. Walsh* (*Mr. Richard F. Upton* orally), for the plaintiff Belisle.

*Frederick J. Harrigan,* for plaintiff Alice Corbett Estate and F. Hammond Dickson, filed no brief.

*Hinkley & Donovan,* for plaintiffs Velma Courser and Parker Hicks Estate, filed no brief.

*Cooper, Hall & Walker,* for plaintiff Lucille S. Marshall, filed no brief.

*Hamblett, Kerrigan & Hamblett (Mr. Joseph M. Kerrigan* orally), for the defendant.

PER CURIAM. This is a bill in equity brought by the plaintiff Belisle as a preferred stockholder of the defendant seeking dissolution of the corporation and a distribution of its assets to the stockholders. The other plaintiffs have been permitted to intervene. Among them the plaintiffs own all of the preferred stock having a total par value of $10,000 (100 shares par $100) and six out of 300 shares of common stock each with a par value of $100. The balance of the common stock except for one share is owned by the president, one Ferraro. The matter was heard by a Judicial Referee (*Blandin,* Jr.) who recommended a decree of dissolution and that the plaintiffs be awarded the fair value of their stock after appraisal unless the defendant should redeem their stock at par value plus accumulated preferred dividends within thirty days. This decree was entered by the Court (*Loughlin,* J.) on August 26, 1968. The stock was not redeemed within thirty days and the plaintiff Belisle moved "that further proceedings be had in this matter; that the plaintiff's preferred stock may be appraised that she may be awarded its fair value; that a receiver may be appointed to liquidate the corporation and take charge of the distribution of its assets; that the plaintiff may have judgment against the defendant for the amounts due her; and for such other and further relief as may be just."

The motion appeared on a motion list to be heard on October 22, 1968. The intervenors and the defendant were notified. Defendant's counsel asked for a hearing but later notified the clerk that he did not wish to be heard and he did not attend. The intervenors joined in the motion which was granted by the Court (*Grant,* J.) who then proceeded to appraise the stock of the plaintiffs and entered judgment in their favor aggregating $15,600. It is the defendant's exception to this decree which was transferred to this court.

Defendant contends that the appraisal made by the Court

cannot be sustained as no witnesses testified before the Court at the hearing on the motion on October 22, 1968 and because the evidence considered did not support the appraisal and awards made.

The appraisal of the stock is a continuation of the pending bill in equity which was heard by the Judicial Referee. His findings and rulings, to which no exception was filed, were before the Court at the hearing on the motion as were all exhibits which had been introduced during the hearing before the Referee. These findings and exhibits were sufficient to support the decree of the Trial Court.

Defendant's counsel also contends that he did not expect that the stock would be actually appraised at the hearing on the motion list and that his waiver of hearing was not intended to relate to hearing on the appraisal of the stock but only to the prayers that an appraisal be made and a receiver be appointed.

The defendant's remedy, however, is by motion to vacate the decree and for a new hearing, rather than by general exception. Such a motion should be grounded upon misfortune and mistake and supported by an affidavit of defense with respect to the value of the stock. See Superior Court Rule 8 (RSA 491: App. R. 8); *Lavoie* v. *Bourque,* 103 N. H. 372; RSA 514:2. The question of whether justice requires the relief sought by the motion and if so whether terms should be imposed can then be determined by the Superior Court.

*Judgment for plaintiffs nisi.*

GRIMES and GRIFFITH, JJ., did not sit.